Filed by \_\_\_YH\_\_\_ D.C.

Feb 20, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20098-CR-MORENO/LOUIS

18 U.S.C. § 201(b)(2)(A)
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

EMIR GILBERTO REYES-HERNANDEZ,

      Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Veterans Health Administration Program

1. The United States Department of Veterans Affairs ("VA") was a cabinet-level department of the United States government. Its mission was to care for United States military veterans and their dependents.

2. The VA included the Veterans Health Administration ("VHA"). The VHA was a federally funded program that provided free or below-cost health care benefits, including hospital benefits, to over nine million United States veterans. The United States Executive in Charge, Office of the Under Secretary for Health, directed the VHA system.

3. The VHA ordered supplies for its hospitals through trained employees who initiated orders for supplies based upon requests or physical inventory assessments. These employees were typically part of a department within the VHA known as the Logistics Service. Some employees in the Logistics Service were permitted to hold a government-issued U.S. Bank Visa

credit card ("purchase cardholders") for the purpose of purchasing supplies for the VHA. Purchase cardholders initiated purchases, after obtaining supervisor approval, by creating an electronic purchase order within a VHA database.

4. Purchase cardholders' responsibilities included following federal and VHA acquisition regulations. For example, purchase cardholders placing orders were required to use certain vendors or sources before going to the "open market" to make purchases. Prior to using the "open market" to procure supplies, purchase cardholders conducted market research and documented why an "open market" vendor was being used, rather than a required source. If making a purchase through a non-contracted vendor, the purchase cardholder was required to ascertain the market rate for the requested supplies and ensure that the VHA was not overpaying for the supplies. Purchase cardholders were required to submit a waiver form, called VHA Form 10-0384, when placing an order with an "open market" vendor.

5. When the purchased order arrived at a medical center warehouse, warehouse employees were required to open the package, check the invoice against the purchase order, enter the item(s) in the VHA database, and deliver the item(s) to their designated location. The purchase cardholder was responsible for confirming that all received orders were documented in the VHA database. Vendors were paid directly by U.S. Bank who, in turn, was reimbursed by the VHA via U.S. Treasury electronic funds transfers (EFTs) for charges placed on the credit card.

**The Defendant and Related Entities**

6. The Miami VHA Healthcare System served veterans in three South Florida counties: Miami-Dade, Broward and Monroe, with an estimated Veteran population of approximately 149,000. The Miami VHA Healthcare System included a hospital called the Bruce W. Carter Department of Veterans Affairs Medical Center ("the Miami Medical Center"), located

at 1201 N.W. 16th Street, in Miami, Florida.  The Miami Medical Center housed 372 hospital beds, including a four-story community living center attached to the main facility.

7.  Defendant **EMIR GILBERTO REYES-HERNANDEZ** was employed as an inventory management specialist at the Miami Medical Center.  As part of his duties and responsibilities, **REYES-HERNANDEZ** monitored the supply inventory at the Miami Medical Center and purchased additional supplies as needed.  In order to purchase the required supplies, **REYES-HERNANDEZ** was a purchase cardholder.

8.  JAF Supply, Inc., Supply4vet, Inc., Delray Medical Supply/Distributors, Inc., Sunshine Supply USA, Inc., Marf Group, LLC, and E&J Supply, Inc. ("the Vendor Companies") were companies operating in the Southern District of Florida and were doing business in Miami and elsewhere as supply vendors to the Miami Medical Center and other VA hospitals.  Jorge Flores was the principal and operator of the Vendor Companies.

## BRIBERY OF PUBLIC OFFICIALS
### (18 U.S.C. § 201(b)(2)(A))

On or about February 26, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**EMIR GILBERTO REYES-HERNANDEZ,**

being a public official, did, directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept anything of value personally, that is, nine hundred twenty dollars ($920) in cash, in return for being influenced in the performance of any official act, that is, to initiate purchase orders from Delray Medical Distributors, Inc. and Supply4vet, Inc.

In violation of Title 18, United States Code, Sections 201(b)(2)(A) and 2.

3

## FORFEITURE
### (18 U.S.C. § 981(a)(1)(C))

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **EMIR GILBERTO REYES-HERNANDEZ**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 201, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

AMANDA PERWIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

EMIR GILBERTO REYES-HERNANDEZ,

_____Defendant.___/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)
- ✓ Miami
- ___ FTL
- ___ Key West
- ___ WPB
- ___ FTP

New defendant(s)          Yes ___  No ___
Number of new defendants  ___
Total number of counts    ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect  _____

4. This case will take  2-3  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                      (Check only one)

   I    0 to 5 days      ✓              Petty       ___
   II   6 to 10 days     ___            Minor       ___
   III  11 to 20 days    ___            Misdem.     ___
   IV   21 to 60 days    ___            Felony      ✓
   V    61 days and over ___

6. Has this case previously been filed in this District Court?   (Yes or No)  No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)  No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
AMANDA PERWIN
ASSISTANT UNITED STATES ATTORNEY
FL. BAR NO. 0046814

*Penalty Sheet(s) attached                                              REV 8/13/2018

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Emir Gilberto Reyes-Hernandez

**Case No:** _____

Count #: 1

Bribery of Public Officials

Title 18, United States Code, Section 201(b)(2)(A)

* **Max. Penalty**: Fifteen (15) years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.